UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>    Plaintiff,<br><br>    v.<br><br>KUN ZHOU, *et al.*,<br><br>    Defendants. | Case No. 20-cv-08136-HSG (RMI)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br>Re: Dkt. No. 31 |

Now pending before the court is a discovery dispute letter brief (dkt. 31) through which Plaintiff seeks to compel the production of certain financial information. For the reasons set forth herein, Plaintiff's request is granted.[1]

**BACKGROUND**

In this action, Plaintiff pleads various alleged violations of: (1) the Americans With Disabilities Act of 1991 (42 U.S.C. § 12101 *et seq.*); (2) certain statutory protections for persons with physical disabilities (pursuant to California Health and Safety Code § 19955 *et seq.*); (3) provisions of California's civil rights statutes (pursuant to California Civil Code §§ 54, 54.1, & 54.3); and the Unruh Civil Rights Act (Cal Civ. Code §§ 51 & 51.5). *See* Compl. (dkt. 1) at 7-21. Plaintiff is a mobility impaired individual who is limited in the use of his legs and must use a walker. *Id.* at 4. Defendant Kun Zhou owns and operates the El Crabby Crabby Restaurant located in San Leandro, California, on premises that are leased from and owned by Defendant Hopewealth LLC. *Id.* at 2.

---

[1] Pursuant to Civil Local R. 7-1(b), the court finds that this matter is suitable for disposition without oral argument.

In July, September, October, and November of 2020, Plaintiff visited and sought to patronize the El Crabby Crabby Restaurant. *Id*. at 6. During his visits, Plaintiff encountered a number of architectural barriers that allegedly interfered with his access to the facilities in a number of ways including the following: (1) the exterior seating was not accessible to disabled users in that there was insufficient space under the tables for Plaintiff's legs, coupled with an allegation that the tables were missing the international symbol designating them suitable for disabled persons; (2) the restroom was not accessible for users of walkers; (3) the restroom's door handle required twisting and grasping; (4) the pipes under the sink were not wrapped; (4) the hand towel dispenser was too high; (5) the maneuvering space inside the restroom was too small; (6) the toilet flush control was on the wrong side; (7) the designated parking space was defective in that it suffered from having improper dimensions, lacked a properly painted passenger access aisle, and lacked proper signage. *Id*. at 3-4. The inability to access and use the restroom caused Plaintiff frustration, embarrassment, and discomfort; and, the deficiencies in the parking lot caused Plaintiff to experience difficulties in finding a safe place to park, safely exit his vehicle, and reach the entrance safely due to cross-traffic through the transit area. *Id*.

Defendant Kun Zhou's landlord, and co-defendant, Hopewealth LLC did not answer the lawsuit; accordingly, Plaintiff moved for the entry of default, which was entered by the Clerk of Court on December 30, 2020 (dkt. 15). In Defendant Kun Zhou's Answer, one of the several affirmative defenses contends that "[t]he alterations required to accommodate Plaintiff was (sic) and is (are) not 'readily achievable.'" *See* Answer (Dkt. 7) at 10. In light of this assertion, Plaintiff's portion of the joint letter brief asserts that "[t]he term 'readily achievable' is defined in 42 U.S.C. § 12181(9) as consisting of several components, of which the relevant ones for this [discovery] dispute are: (1) the nature and cost of the action needed (i.e., the cost to remove the barriers); and (2) the overall financial resources of the site (and related financial factors)." *See* Ltr. Br. (dkt. 31) at 1.

Consequently, on August 9, 2021, Plaintiff tendered RFP No. 8, asking Defendant Kun Zhou for documents that establish her financial wherewithal, defined further as, "net worth, cash flow, liabilities, and so forth with an eye towards your ability to expend funds on making the

2

[b]usiness and the [p]remises more accessible to persons with disabilities," explaining that "[t]his financial information will be essential to evaluate defendant Zhou's 'not readily achievable' defense set out in her answer." *Id.* at 1.

## LEGAL STANDARDS

Discovery may be obtained regarding any non-privileged matter that is relevant to any party's claim or defense, and "relevant" information need not necessarily be admissible at trial, but is still discoverable so long as it appears reasonably calculated to lead to the discovery of admissible evidence. *See Resilient Floor Covering Pension Fund v. Michael's Floor Covering, Inc.*, No. C11-5200 JSC, 2012 U.S. Dist. LEXIS 104398, at *7 (N.D. Cal. July 26, 2012) (citing Fed. R. Civ. P. 26(b)(1)). District courts are afforded broad discretion in determining whether evidence is relevant for discovery purposes. *See e.g., Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). It should also be noted that the scope of discovery should be liberally construed to ensure full and fair resolution of disputes. *See Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 237 F.R.D. 618, 621-22 (N.D. Cal. 2006). "'Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" *Vallabharpurapu v. Burger King Corp.*, 276 F.R.D. 611, 615 (N.D. Cal. 2011) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

## DISCUSSION

Defendant Kun Zhou opposes Plaintiff's request to compel the discovery of the above-mentioned financial information on grounds that "[h]ere, even though Zhou has raised this defense, it is the landlord's responsibility to make all the ADA repairs." *See* Ltr. Br. (dkt. 31) at 3. Defendant further explains that this is so "[b]ecause the Lease Agreement never required [the] tenant to repair any ADA related issues, Paragraph 19 [of the Lease Agreement] only requires [the] tenant to do alterations as a result of tenant's use, [Defendant Zhou] uses the premises as a restaurant, [and] will make alterations related to special requirements for restaurant use, but not for any general use, which is [the] landlord's responsibility." *Id*. Defendant then concludes by noting that "[a]ny business that leases the premises and is open to the public will encounter ADA issues

such as restroom and parking [issues], it is the landlord's responsibility to take care of this, which was also the mutual understanding by the landlord and tenant [in this case] before the execution of the Lease Agreement[,] [t]herefore, Zhou's financial records is (sic) not relevant to this [] dispute, [and] Plaintiff should seek remedies from the landlord." *Id*. This is the entirety of Defendant's response, and no legal authority was cited in support of these contentions. *See id*.

Defendant is incorrect because landlords and tenants each have an independent obligation to comply with the ADA's prohibitions against discrimination, which apply to "any person who owns, leases (or leases to), or operates a place of public accommodation." *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir. 2000) (quoting 42 U.S.C. § 12182(a)); *see also Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015) ("[A] landlord and tenant are jointly liable for ADA violations in the tenant's establishment regardless of any contractual provisions that shift liability" (citations omitted)); 28 C.F.R. § 36.201(b) ("Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part."). Thus, while a landlord and tenant may allocate responsibility for compliance with the ADA in their lease, that allocation is effective only between the landlord and tenant, and it has no effect on the rights of third parties. *See* 28 C.F.R. § 36.201(b); *Botosan*, 216 F.3d at 833; *Rush*, 779 F.3d at 974 ("Either co-defendant is free to seek indemnification from the other, but that does not affect an ADA plaintiff's right to recovery." (citations omitted)); *see also Yanushkevich v. Fry's Elecs., Inc.*, No. 15-cv-04830-BLF (SVK), 2017 U.S. Dist. LEXIS 86849, at *5-6 (N.D. Cal. May 11, 2017) (same); *Ramirez v. Earthsong*, No. 4:13-cv-04039-KAW, 2016 U.S. Dist. LEXIS 136188, at *7 (N.D. Cal. Sep. 30, 2016) ("Likewise, courts in this district have found that the ADA holds landlords and tenants individually liable for any violations found on the leased property . . ."); *Shaw v. Ghimire*, No. C12-04687 HRL, 2013 U.S. Dist. LEXIS 138914, at *12-14 (N.D. Cal. Sep. 25, 2013) ("the tenant and operator of a place a public accommodation[] is liable under the ADA regardless of any provision in her lease stating otherwise"); *Yates v. Delano Retail Partners, LLC*, No. C 10-3073 CW, 2012 U.S. Dist. LEXIS 44079, at *6 (N.D. Cal. Mar. 29, 2012) (same).

In light of the above-described standards, Defendant Kun Zhou's argument is wholly

meritless. The refusal to participate in this aspect of discovery cannot be justified by the fact that Defendant Kun Zhou is merely the owner and operator of the El Crabby Crabby Restaurant as a tenant, and not a landowner. As mentioned above, regardless of the provisions of the lease agreement – under the law, both the tenant and the landlord are jointly liable for ADA violations. While a landlord and tenant may allocate responsibility for ADA compliance in their lease agreement between themselves, such an allocation is effective only between them; and, as mentioned above, it has no effect on the rights of third parties such as the Plaintiff in this case. Accordingly, Defendant Kun Zhou's objection is **OVERRULED**, and Plaintiff's request to compel Defendant Kun Zhou to respond to Request for Documents No. 8 is **GRANTED**. Defendant is **ORDERED** to tender documents and information responsive to this request forthwith.

**IT IS SO ORDERED.**

Dated: November 4, 2021

ROBERT M. ILLMAN
United States Magistrate Judge